**Lewis Roca Rothgerber LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Stephen M. Bressler** (State Bar No. 009032)
  Direct Dial: 602.262.5376
  Direct Fax: 602.734.3742
  E-mail: sbressler@lrrlaw.com
**Amanda L. Thatcher** (State Bar No. 030804)
  Direct Dial: 602.262.0848
  E-mail: athatcher@lrrlaw.com
Attorneys for Plaintiff Sentinel Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sentinel Insurance Company, Limited, | NO. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| Shaarei Tzion; Ahavat Israel-Bucharian Jewish Community; Baruch Cohen; Elinor Cohen; and Alexander Priyev, | |
| Defendants. | |

Plaintiff Sentinel Insurance Company, Limited ("Sentinel") brings this complaint against Defendants Shaarei Tzion Ohel Bracha ("Shaarei Tzion"), Ahavat Israel-Bucharian Jewish Community ("Ahavat Israel"), Baruch and Elinor Cohen, and Alexander Priyev, and alleges:

## NATURE OF THE ACTION

1. This lawsuit arises out of an ownership dispute between Defendants over personal property taken from one Jewish synagogue to another. The resolution of this ownership dispute is necessary for the adjudication of an insurance claim for theft that Defendant Shaarei Tzion submitted to Sentinel and for clarification of Sentinel's potential subrogation rights against Ahavat Israel, the Cohens and the Priyevs.

## PARTIES

2. Sentinel is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Sentinel is therefore a citizen of Connecticut for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1). Sentinel issued a

Spectrum® Business Owner's Policy insurance policy to Sharezion (Shaarei Tzion).

3. Defendant Shaarei Tzion[1] is a nonprofit corporation incorporated in, and with its principal place of business in, the State of Arizona. It is therefore a citizen of Arizona for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1). Upon information and belief, it operates as a Jewish community known as Shaarei Tzion Ohel Bracha Phoenix Bucharian Jewish Community, with study, prayer and communal activity at 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014.

4. Defendant Ahavat Israel is a nonprofit corporation incorporated in, and with its principal place of business in, the State of Arizona. It is therefore a citizen of Arizona for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1). It was incorporated with an address of 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014. Upon information and belief, it operates as a Jewish community known as Ahavat Israel-Bucharian Jewish Community, with study, prayer and communal activity at 727 E. Glendale Ave., Phoenix, AZ 85020.

5. Upon information and belief, Rabbi Baruch Cohen and Elinor Cohen are married and are both residents and citizens of Arizona. Upon information and belief, Rabbi Cohen was previously the rabbi with Shaarei Tzion and is now the rabbi with Ahavat Israel. Upon further information and belief, Rabbi Cohen acted at all times on behalf of the marital community.

6. Upon information and belief, Alexander Priyev is both a resident and citizen of Arizona. Alexander Priyev is a director of Ahavat Israel. Upon further information and belief, Alexander Priyev is married, but Plaintiff does not know the name or identity of his wife. Upon information and belief, Alexander Priyev acted at all times on behalf of the marital community. When Plaintiff learns the name or identity of his wife, it will seek leave of this Court to add her as a party.

---

[1] Upon further information and belief, Shaarei Tzion's listing with the Arizona Corporation Commission contains a typographical error in the spelling of its name. The name should be "Tzion" rather than "Tziou".

## JURISDICTION AND VENUE

7. There is diversity of citizenship between Sentinel and Defendants. Plaintiff Sentinel is a citizen of Connecticut and Defendants are citizens of Arizona.

8. The amount in controversy exceeds $75,000. As explained in more detail below, this lawsuit arises out of a property ownership dispute where the property is estimated to be worth $176,040.

9. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

10. The Court has personal jurisdiction over Shaarei Tzion, Ahavat Israel, Baruch Cohen, Elinor Cohen, and Alexander Priyev, because they are located in this judicial district.

11. The Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE ALLEGED THEFT OF BUSINESS PERSONAL PROPERTY

13. Defendant Shaarei Tzion has claimed that on August 27, 2014, Defendants Baruch Cohen, Alexander Priyev and unknown other individuals went to the synagogue location at 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014 and loaded into a truck all physical contents (all personal property) and moved it to another location believed to be at 727 E. Glendale Ave., Phoenix, AZ 85020.

14. This property included several Torahs, prayer books, books, other religious artifacts, tables, chairs, and bookcases, which Shaarei Tzion has valued at $176,040.

15. Defendant Shaarei Tzion has accused Defendants Cohen, Priyev and Ahavat Israel of stealing this property.

16. Defendants Cohen, Priyev and Ahavat Israel have admitted to Sentinel that they moved the property from the synagogue location at 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014 to another synagogue location at 727 E. Glendale Ave.,

Phoenix, AZ 85020.  But they deny having stolen the property.  They claim the property belonged to the Jewish community that formerly studied, prayed and congregated at 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014 then known as Shaarei Tzion but which now studies, prays and congregates at 727 E. Glendale Ave., Phoenix, AZ 85020 in a community now known as Ahavat Israel

17. Sentinel issued to Shaarei Tzion a Spectrum® Business Owner's Insurance Policy, No. 59 SBA RV3819 (the "Policy"), covering the policy period August 4, 2014 to August 4, 2015.

18. The day after the aforementioned property was moved from 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014 to 727 E. Glendale Ave., Phoenix, AZ 85020, Shaarei Tzion submitted an insurance claim with Sentinel for indemnity resulting from the alleged theft of the property.

19. The Policy covers direct physical loss of or physical damage to Covered Property at the premises caused by or resulting from a Covered Cause of Loss.

20. The Policy excludes from coverage, inter alia, property that was transferred to a person or place outside the scheduled premises on the basis of unauthorized instructions.

**THE DISPUTE BETWEEN THE DEFENDANTS**

21. Sentinel's claim investigation revealed that Defendants all agree that Defendants Baruch Cohen, Alexander Priyev and Ahavat Israel moved the aforementioned property from 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014 to 727 E. Glendale Ave., Phoenix, AZ 85020 on or about August 27, 2014.

22. Defendants, however, disagree over whether the removal of the property was permitted.  Defendant Shaarei Tzion claims it owned the property and Defendants Cohen, Priyev and Ahavat Israel were not authorized or permitted to move the property to another location.  Defendants Cohen, Priyev and Ahavat Israel contend the property belonged to the community who formerly studied, prayed and congregated at 6516 N. 7th Street, Suite 200, Phoenix, AZ 85014, and it did not belong to the corporate entity

known as Shaarei Tzion. Accordingly, they contend that when the community moved to a new location, 727 E. Glendale Ave., Phoenix, AZ 85020, where they now study, pray and congregate, they were allowed to move the aforementioned property to this location.

23. To the extent Defendants Cohen, Priyev and Ahavat Israel had a lawful right to take and possess the property superior to that of Shaarei Tzion, there was no physical loss of the property to Shaarei Tzion within the meaning of the Policy.

24. Similarly, Shaarei Tzion is not entitled to indemnity under the Policy to the extent any exclusion applies.

25. Should Shaarei Tzion be the lawful owner of the property and its claim covered under the Policy, its rights to recover from Defendants Cohen, Priyev and Ahavat Israel would be transferred to Sentinel. In other words, Sentinel would be subrogated to Shaarei Tzion and entitled to seek relief from Defendants Cohen, Priyev and Ahavat Israel.

## CAUSE OF ACTION – DECLARATORY RELIEF

26. There is an actual controversy between Sentinel and Shaarei Tzion over whether the transfer of the property from Shaarei Tzion to Ahavat Israel was a covered loss under the Policy.

27. Sentinel is an interested party because this controversy affects the determination of Defendant Shaarei Tzion's claim with Sentinel and Sentinel's potential subrogation claim against Defendants Cohen, Priyev and Ahavat Israel.

28. Despite significant investigatory efforts, Sentinel cannot determine who has rightful ownership and/or possession of the property.

29. Pursuant to 28 USC § 2201, Sentinel seeks a Court declaration of ownership rights to the aforementioned property and of coverage for the alleged loss under the Policy.

30. In the event the Court declares that coverage is afforded under the Policy, Sentinel seeks a declaration of its subrogation rights vis-à-vis Defendants Cohen,

Priyev and Ahavat Israel.

## PRAYER FOR RELIEF

31. Sentinel requests the following relief:

    a. An order declaring ownership of the aforementioned property.

    b. An order determining Sentinel's and Shaarei Tzion's rights and obligations under the Policy with respect to the subject insurance claim.

    c. If the Court declares that Defendant Shaarei Tzion is the owner, then a further order declaring that Defendants Cohen, Priyev and Ahavat Israel either return the property to Defendant Shaarei Tzion or reimburse Sentinel for all indemnity it must pay Defendant Shaarei Tzion under the Policy.

    d. An award of Sentinel's reasonable costs and attorneys' fees against Shaarei Tzion under A.R.S. § 12-341 and A.R.S. § 12-341.01; and

    e. Other and further relief that the Court deems just and proper.

DATED this 5th day of February, 2015.

> LEWIS ROCA ROTHGERBER LLP
>
> By: /s/*Stephen M. Bressler*
>     Stephen M. Bressler
>     Amanda L. Thatcher
> Attorneys for Sentinel Insurance Company, Limited